UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00054-LLK

**KIMBERLY R. GUILL-McCOY**                                                                 **PLAINTIFF**

v.

**CAROLYN W. COLVIN, Commissioner of Social Security**                      **DEFENDANT**

MEMORANDUM OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.[1]

Plaintiff seeks judicial remand for consideration of the same evidence she submitted to the Appeals Council after the Administrative Law Judge's (ALJ's) decision, which the Appeals Council found to be immaterial. For the reasons below, the Appeals Council's decision is not subject to judicial review. Plaintiff has not shown good cause as defined by Sixth Circuit precedent excusing her failure to submit the evidence to the ALJ in a timely manner in support of her disability claim. Therefore, the final decision of the Commissioner (i.e., the ALJ's decision) is AFFIRMED, and Plaintiff's complaint is DISMISSED.[2]

**This Court lacks authority to review the Appeals Council's decision.**

The new evidence first submitted to the Appeals Council (DN 18) consists primarily of MRIs of Plaintiff's left hip and lumbar spine ordered by two physicians associated with the Orthopaedic Institute

---

[1] The fact and law summaries of the Plaintiff and the Commissioner are at Docket Numbers 12 and 19, respectively.
[2] The decisions of the ALJ and the Appeals Council are at pages 12 through 19 and 1 through 4, respectively, of the administrative record. DN 7. The new evidence that Plaintiff submitted to the Appeals Council is in a separate, supplemental administrative record. DN 18.

1

of Western Kentucky.  The MRIs show degenerative changes compatible with Plaintiff's complaints of hip and back pain going back to traumatic injuries suffered in an automobile accident in 1989.

In declining to review the ALJ's decision, the Appeals Council determined that the evidence, which was not before the ALJ, is immaterial because it relates to the period after the ALJ's decision:

> We [] looked at treatment records from B. Stodghill, M.D., dated June 11, 2013 – July 23, 2013 and B. Strenge, M.D., dated April 23, 2013 – June 4, 2013.  The Administrative Law Judge decided your case through November 2, 2012.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before November 2, 2012.  If you want us to consider whether you were disabled after November 2, 2012, you need to apply again.
>
> (AR, p. 2).

Plaintiff argues that the Appeals Council erred in finding that the evidence is immaterial because it did not look at the actual MRI evidence and failed to follow its own internal rules:

> The Appeals Council, in its decision, indicated that it "looked" at the treatment records from Dr. Stodghill and Dr. Strenge but ... did not indicate whether it specifically "looked" at the test results ... which were ordered along with the notes [i.e., the left hip and lumbar spine MRI]. ... Pursuant to Social Security Regulations 404.970, the Appeals Council will review a decision if new and material evidence is submitted where it relates to the period on or before the date of the ALJ hearing decision.  ...  The Commissioner has specifically stated in Hallex I-3-3-6[3] that the Appeals council does not apply strict deadline when determining if post dated evidence relates to the period at issue.
>
> (DN 12, p. 5).

This Court lacks jurisdiction to review the Appeals Council's decision, including any error related to finding the evidence to be immaterial and applying agency standards.  Only "final decision[s] of the Commissioner of Social Security made after a hearing" are subject to judicial review under Section 405(g).  When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir.1993). While new and material evidence may be submitted for consideration to the Appeals Council, "we still

---

[3] The so-called Hallex, or Social Security Administration, Hearings, Appeals, and Litigation Law Manual, is an internal agency manual that is not "binding" on the Court.  *Bowie v. Commissioner*, 539 F.3d 395, 399 (6th Cir.2008).

review the ALJ's decision, not the denial of review by the appeals council." *Casey v. Secretary*, 987 F.2d 1230 , 1233 (6th Cir.1993).

**Plaintiff has failed to show good cause and materiality in support of a judicial remand.**

Notwithstanding the foregoing jurisdiction limitations, this Court has independent jurisdiction, pursuant to "Sentence 6" of Section 405(g), to remand this matter to the Commissioner for consideration of any "new evidence which is material" so long as the Court finds "good cause for the failure to incorporate such evidence into the record in a prior proceeding," i.e., for Plaintiff's failure to present the evidence or equivalent evidence to the ALJ. This "new evidence which is material" contemplates the same evidence that the Appeals Council previously determined was immaterial.

The Sixth Circuit takes a "harder line" on the issue of good cause, requiring more than simply that the evidence in question did not exist at the time of the ALJ's decision. *Oliver v. Secretary*, 804 F.2d 964, 966 (6th Cir.1986). "Typically, the evidence in question or equivalent evidence [needed to support a disability claim] could [and should] have been obtained sooner through a timely request or inquiry." *Breadfort v. Commissioner*, No. 5:10-CV-00042-J, 2010 WL 3909263 (W.D.Ky.).

Plaintiff does not explicitly acknowledge her burden of showing "good cause." She does, however, state, in passing -- but with no supporting affidavit -- that her lack of health insurance and other finances prevented her from sooner obtaining medical treatment / evaluation in support of her claim and, therefore, she should not be "penalized" for her indigence:

> Dr. Stodghill found avascular necrosis of her left hip which he felt was related to her automobile wreck in 1989. Again, this condition was of long standing nature and was clearly present at the time of the ALJ's decision. Ms. Guill-McCoy complained of these exact symptoms at her hearing and said she had suffered with them since the 1989 motor vehicle accident which resulted in severe traumatic injuries.
>
> Furthermore, the [Commissioner's] consultative examining physician, Dr. VanMeter, recommended that Ms. Guill-McCoy see an orthopedist and have an MRI of her low back when he examined her on June 4, 2011. Ms. Guill-McCoy had no insurance at the time of Dr. VanMeter's recommendation and did not have insurance until much later when she

> was able to see Dr. Stodghill and Dr. Strenge. Ms. Guill-McCoy should not be penalized for her inability to afford expensive medical treatment and testing prior to the ALJ's decision.
>
> (DN 12, pp. 6-7).

These assertions fall short of demonstrated good cause in support of a "Sentence 6" remand for three reasons: First, the new evidence appears to have been produced primarily for the purpose of attempting to prove disability after the ALJ's disappointing decision of lack of disability. See *Koulizos v. Secretary*, 81986 WL 17488 (6th Cir.) ("[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability") and *Despain v. Commissioner*, 2014 WL 6686770 (E.D.Mich.) ("[G]ood cause contemplates ... more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability"). Second, although Plaintiff apparently lost her medical card in April, 2010, after her daughter turned 18, the record shows that she continued to receive medical treatment through September, 2012 (AR, pp. 224 and 286). There is no reason apparent why the general rule should not apply to the effect that failure to seek appropriate medical treatment, which naturally tends to reveal underlying medical causes, undercuts claims of disabling symptoms. *Blacha v. Secretary*, 927 F.2d 228, 231 (6th Cir.1990). Third, even if indigence somehow excused Plaintiff's failure to discover the objective medical bases for her disability claim prior to loss of insurance coverage, claimants always have the ultimate burden of submitting evidence in support of their disability claims. The record reflects that counsel represented Plaintiff at the administrative level. "[O]verall, the record does not reflect the factors that would distinguish [Plaintiff's situation] from the majority of near destitute claimants who timely submit medical evidence" in support of their claims. *Walton v. Commissioner*, 773 F.Supp.2d 742, 753 (N.D.Ohio2011).

Finally, Plaintiff has failed to establish materiality of the evidence. The ALJ acknowledged significant physical restrictions (AR, p. 15), and it is not self-evident that the MRI evidence requires a finding of additional limitations that would preclude all work.

Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary*, 865 F.2d 709, 711 (6th Cir.1988).  As in *Breadfort*, supra, Plaintiff has not shown materiality of the evidence, which consists of raw medical findings and diagnoses, because:

> The mere diagnosis of an impairment "of course, says nothing about the severity of the condition." *Higgs v. Secretary*, 880 F.2d 860, 863 (6th Cir.1988).  [T]he "new" evidence consists of raw medical observations and diagnoses, with no attempt by the medical source to assign specific restrictions based thereupon.  It is the latter which is relevant to the disability decision.

In summary, this Court lacks jurisdiction to review the Appeals Council's decision itself.  It does have authority to issue a "Sentence 6" remand.  However, Plaintiff failed to show good cause and materiality in support of such a remand.

Therefore, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.